COMMONWEALTH *vs.* MICHAEL HILL. No. 94-P-1171. July 14, 1995. *Identification.*

A Superior Court jury returned guilty verdicts against the defendant on eight indictments. Those indictments charged the defendant with unarmed burglary (four indictments), breaking and entering in the nighttime with intent to commit a felony (two indictments), and larceny over two hundred fifty dollars (two indictments). His only contention on appeal is that the motion judge (who was not the trial judge) erred when he denied a motion to suppress a prospective in-court identification that was, according to the defendant, fatally tainted by an impermissible earlier identification. The defendant did not object at the trial to the identification, so we determine only whether the error, if any, created a substantial risk of a miscarriage

of justice. See *Commonwealth* v. *Boyer*, 400 Mass. 52, 57 (1987). As there was no error, we affirm.

The evidence at the hearing on the motion was that at around 3:00 A.M. on July 17, 1993, the Leominster police, including Officer Richard Kenney, were investigating a reported burglary. They were looking for a particular car on which they had a report, and they spotted it parked near an intersection. Shortly after an officer parked behind the car and approached it on foot, Officer Kenney parked his cruiser at the front of the car, facing it, in a blocking maneuver. Kenney focused his "takedown" lights on the car's interior, and he observed the driver "face to face" for five to ten seconds at a distance of "a car, car and a half length." The car managed to drive around Kenney's cruiser, and a brief car chase ensued. That ended when the driver and his passenger abandoned their car and continued to flee on foot. Kenney chased them on foot and apprehended the passenger, but the driver got away.[1]

Soon thereafter, at the police station, when Kenney was describing the man he had seen and chased, another police officer said, "it sounds like Michael Hill." Almost immediately, another officer produced a photo (of Hill), and Kenney identified him as the man he had seen and chased. Arrest and prosecution followed.

The motion judge found and ruled that the station house identification was impermissibly suggestive and could not be admitted in evidence at trial, but that Kenney would be permitted to identify the defendant in court, if he could do so, because their previous encounter at the parked car constituted a sufficient independent basis for an identification. *Commonwealth* v. *Botelho*, 369 Mass. 860, 866 (1976). See Smith, Criminal Practice and Procedure §§ 458-460, at 313-314 (1983 & Supp. 1995). There was no error.[2]

Neither the trial judge when he ruled nor the parties at argument here had the benefit of the Supreme Judicial Court's decision in *Commonwealth* v. *Johnson*, 420 Mass. 458 (1995). There, the court considered a question that it had not previously answered: whether an identification that is the product of an impermissibly suggestive procedure may nevertheless be admitted in evidence if it is shown to be reliable, *Manson* v. *Brathwaite*, 432 U.S. 98 (1977), or whether art. 12 of the Massachusetts Declaration of Rights requires exclusion per se. The court opted for per se exclusion. *Commonwealth* v. *Johnson*, *supra* at 465.

That decision does not change the result here, however. The court went on to observe (*id.* at 467):

---

[1]A later inventory search of the car turned up items that were reported stolen in this burglary and others.

[2]Indeed, the suppression of the station house identification appears to have been made out of an abundance of caution. The description by Kenney was not a tentative or incomplete one, in which case a showup or photograph may then suggest an identification. Rather, following Kenney's precise and detailed description, the photograph merely supplied a name.

"Furthermore, . . . the per se approach does not keep relevant and reliable identification evidence from the jury. Subsequent identifications shown to come from a source independent of the suggestive identification remain admissible under the per se approach. *Commonwealth* v. *Botelho*, 369 Mass. 860, 866 (1976). See *People* v. *Adams*, 53 N.Y.2d 241, 251 (1981). The per se approach excludes only the unnecessarily suggestive identification and subsequent tainted identifications."

Here, the trial court found that Kenney's initial encounter with Hill provided a basis for an in-court identification that was independent of the later suggestive identification. On this record, that finding was not erroneous. Accordingly, the motion to suppress an in-court identification by Kenney was properly denied.

Judgments affirmed.

The case was submitted on briefs.

· *Charles K. Stephenson* for the defendant.

*John J. Conte*, District Attorney, & *Matthew J. Mullaney*, Assistant District Attorney, for the Commonwealth.